IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT LAMARR ALLEN, (TDCJ-CID #636644) Petitioner, VS. WILLIAM STEPHENS, Respondent. | § § § § § § § § § § § § CIVIL ACTION NO. H-14-2979 |

## MEMORANDUM AND OPINION

Petitioner, Robert Lamarr Allen, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

**I.    Background**

Allen challenges a conviction for aggravated robbery in the 262nd Judicial District Court of Harris County, Texas. (Cause Number 600372). On November 28, 1995, Allen filed a federal petition for a writ of habeas corpus, Civil Action Number 4:95-5392, collaterally attacking his conviction for aggravated robbery. On September 19, 1996, this court denied Allen's claims on the merits.

In the instant federal petition filed on October 20, 2014, Allen challenges the same conviction for aggravated robbery. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 2).

## II. Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This court lacks jurisdiction to consider Allen's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Allen's successive application, and therefore, this court lacks jurisdiction to consider Allen's habeas claims.[1]

Construed liberally, Allen contends that his federal petition is not barred by limitations or successive because the Supreme Court's decision in *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309 (2012), created a new rule that applies retroactively for purposes of section 2244(d)(1)(C). However, *Martinez* does not present a new rule of constitutional law under section 2244(d)(1)(C). *See Adams v. Thaler*, 679 F.3d 312, 323 n.6 (5th Cir. 2012) (noting, in the context of a successive habeas application, that *Martinez* "was an 'equitable ruling' that did not establish 'a new rule of

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Allen's litigation history, the court determines that Allen is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.

constitutional law.'"); *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) (noting, in the context of the AEDPA's one-year limitations period, that "[t]he *Martinez* rule is not a constitutional rule but an equitable principle."). Moreover, *Martinez* relates only to the issue of cause to excuse a procedural default of an ineffective-assistance-of-trial-counsel claim and, thus, does not apply to the AEDPA's statute of limitations at issue in this case. *See Arthur*, 739 F.3d at 630–631. The court concludes section 2244(d)(1)(C) is inapplicable here.

## III. Conclusion

Allen's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. Allen's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001)(citing

*Slack*, 529 U.S. at 484). Allen has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on October 29, 2014.

*[signature]*
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

O:\RAO\VDG\2014\14-2979.a01.wpd